UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. |
| v. | ) | |
| | ) | |
| | ) | |
| JAMETRIC STEELE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1.    PARTIES:**

The parties are the defendant JAMETRIC STEELE ("defendant"), represented by defense counsel Felicia Jones, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri.   This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.   The Court is neither a party to nor bound by this agreement.

**2.    GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count One of the charge, the government agrees that no

1

further federal prosecution will be brought in this District relative to the defendant's escape from custody on or about May 5, 2021, of which the Government is aware at this time.   In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea.   The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a).   The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

**3.   ELEMENTS:**

As to **Count One (Escape From Custody),** the defendant admits to knowingly violating Title 18, United States Code, Section 751(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

1. The defendant was custody in the Southeast Missouri Behavioral Health Residential Reentry Center, in the City of Farmington, Missouri, where he was lawfully confined as a public law placement, while serving a condition of his supervised release in Case No. 4:18CR748-MTS, *United States v. Jametric Steele;* and

2. The defendant knowingly left custody without authorization.

**4.   FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial.   These facts may be

2

considered as relevant conduct pursuant to Section 1B1.3:

On or about November 5, 2019, defendant plead guilty to Count One (Felon in Possession of a Firearm) in Case No. 4:18CR748-MTS. On or about April 2, 2020, a judgment with a sentence of Time Served and three years of Supervised Release was entered for defendant in Case No. 4:18CR748-MTS.   On August 11, 2020, an Arrest Warrant was executed in response to a petition seeking revocation of defendant's supervision.   On August 31, 2020, following the defendant's admission of guilt to violating conditions of supervised release, was committed to the custody of the United States Bureau of Prisons (BOP) to be imprisoned for six months, followed by thirty months of supervised release.   On or about February 5, 2021, the defendant was released from BOP custody and reported to Southeast Missouri Behavioral Health Residential Reentry Center (SEMO RRC), in the City of Farmington, Missouri as a condition of his supervised release.   The defendant was scheduled to be released from SEMO RRC on June 4, 2021.

On or about May 5, 2021, defendant, while confined at SEMO RRC, notified RRC staff that he has fallen and needed to be taken to the hospital for back pain.   At that time, SEMO staff transported the defendant to the Parkland Hospital, in Farmington, Missouri.   After being dropped off by SEMO staff, instead of checking into the hospital for his purported medical needs, the defendant sat on a nearby bench to have a cigarette while making a phone call. Moments later, the defendant was picked up by an unknown vehicle and left the area.

On May 22, 2021, defendant was arrested by Saint Louis Metropolitan Police for Sodomy 1st, Assault 4th Degree, Making a False Declaration, and a Probation Violation. While officers interviewed investigated the Sodomy and Assault reports, the defendant made a number

of statements, including falsely identifying himself to law officers as Raymond Love, date of birth, **,**, 1970. Officers did not determine the defendant's true identity until after an ID fingerprint search revealed the defendant's identity as Jametric Steele.

18 United States Code, Section 1001, states that whoever, in any matter within the jurisdiction of the executive, legislative, judicial branch of the Government of the United States, knowingly and willfully makes a materially false, fictious, or fraudulent statement or representation shall be fine and imprisoned as a federal felony. Violation of this felony statute provides imprisonment of not more than five years.

The defendant admits, that by falsely identifying himself to law officers, he knowingly and willfully made a materially false, fictious or fraudulent statement to law officers. Additionally, the defendant admits that by falsely identifying himself to law officers, the concealment of his true identify affected the police officer's ability to investigate the defendant's probation violation and escape from federal confinement.

**5. STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crimes to which the defendant is pleading guilty is as follows:

Imprisonment of not more than five years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three years.

**6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal

History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

    **a. Chapter 2 Offense Conduct:**

        **(1) Base Offense Level:** The parties agree that the base offense level is **13** as found in Section 2P1.1(a)(1).

        **(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: None.

    **b. Chapter 3 Adjustments:**

        **(1) Acceptance of Responsibility:** The parties recommend that **2** levels should be deducted pursuant to Section 3E1.1(a), because the defendant has clearly demonstrated acceptance of responsibility. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

        **(2) Other Adjustments:** The parties agree that the following additional adjustments apply: None.

    **c. Other Adjustment(s)/Disputed Adjustments:** None.

    **d. Estimated Total Offense Level:** The Government estimates that the Total Offense Level is **ELEVEN**.

**e.   Criminal History:**   The determination of the defendant's Criminal History Category shall be left to the Court.   Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.   The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f.   Effect of Parties' U.S. Sentencing Guidelines Analysis:**   The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.   The parties may not have foreseen all applicable Guidelines.   The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**g.   Forfeiture:**   None.

**7.   WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a.   Appeal:**   The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)   Non-Sentencing Issues:**   The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**(2)   Sentencing Issues:**   In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than

Criminal History.    Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

    **b.   Habeas Corpus:**   The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    **c.   Right to Records:**   The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.   OTHER:**

    **a.   Disclosures Required by the United States Probation Office:**   The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    **b.   Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

  **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

  **d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  **e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  **f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all

8

relevant conduct loss.    The defendant agrees to provide full restitution to all victims of all charges in the indictment.

## 9.    ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.    The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.    The defendant's counsel has explained these rights and the consequences of the waiver of these rights.    The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.    Defense counsel has

completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

**10.   VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case.   In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.   The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11.   CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.   The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.   NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

| | |
|---|---|
| 1/6/2022 <br> Date | /s/Dianna R. Collins <br> DIANNA R. COLLINS, 59641MO <br> Assistant United States Attorney <br> 111 South 10th Street, Room 20.333 <br> St. Louis, Missouri 63102 <br> (314) 539-2200 |
| 1/5/02 <br> Date | JAMETRIC STEELE <br> Defendant |
| 1/6/2022 <br> Date | Felicia Jones <br> FELICA JONES <br> Assistant Federal Public Defender <br> 1010 Market Street, Suite 200 <br> St. Louis, Missouri 63101 <br> (314) 241-1255 |

11